Comptroller of the City of N.Y. v Bank of N.Y. Mellon Corp. (2021 NY Slip Op 06033)





Comptroller of the City of N.Y. v Bank of N.Y. Mellon Corp.


2021 NY Slip Op 06033


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern
Jeffrey K. Oing Anil C. Singh Manuel Mendez John R. Higgitt


Index No. 114735/09 Appeal No. 14473 Case No. 2020-04037 

[*1]Comptroller of the City of New York, et al., Plaintiffs-Respondents, State of New York ex rel. FX Analytics, Plaintiff-Appellant,
v
The Bank of New York Mellon Corp., et al., Defendants.



Plaintiff-relator appeals from an order of the Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about September 14, 2020, which, insofar as appealed from, denied plaintiff's objection to the settlement of claims under the New York False Claims Act.




Storch Byrne LLP, New York (Edward P. Dolido and Steven G. Storch of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Philip W. Young and Scott Shorr of counsel), for respondents.



Singh J. 


The question on appeal is whether a relator whose claims under the False Claims Act, State Finance Law §§ 187 et seq. (the NYFCA) were dismissed for failure to state a cause of action is nevertheless entitled to compensation under the NYFCA.
The NYFCA "promot[es] a general policy" of "deterring fraudulent conduct against the State" (State of N.Y. ex rel. Grupp v DHL Express [USA], Inc., 19 NY3d 278, 286-287 [2012]). The statute incentivizes private parties, also known as relators, to assist the government in rooting out fraud by bringing qui tam actions on behalf of the State or any local government for violation of section 189 of the statute (State Finance Law § 190[2]).
Here, plaintiff relator FX Analytics filed its qui tam complaint against defendants Bank of New York Mellon Corporation and Bank of New York Mellon alleging that defendants overcharged the City's and State's (together, the government) public funds in executing foreign currency exchanges. The government intervened,[FN1] superseded plaintiff's complaint and converted the qui tam action into a civil enforcement action. In addition to plaintiff's original NYCFA's claims, the government's complaint added new causes of action pursuant to the New York City False Claims Act (the City FCA),[FN2] violations of the General Business Law, breach of fiduciary duty, breach of contract, common-law fraud and unjust enrichment. Defendants moved to dismiss the government's complaint for failure to state a claim. In August 2013, Supreme Court granted the motion in part and dismissed all the government's claims relating to the NYFCA and the City FCA. The government took steps to appeal but did not perfect their appeal.
In the interim, the government continued to litigate the non-NYFCA claims against defendants. In January 2015, the State participated in a mediation with defendants. Notably, because the City's claims for breach of fiduciary duty and contract were sui generis, based on the language of its agreements with defendants, it did not participate in the mediation. Thereafter, in March 2015, the State settled with defendants for approximately $167 million. It agreed to pay a $2 million fee to relator as compensation.
In December 2016, the City reached a $30 million settlement with defendants. The City made an offer of payment to relator. Relator rejected the offer, asserting that under the NYFCA, it was entitled to no less than 15% of the monies received.
Relator then moved before Supreme Court challenging the [*2]settlement arguing, inter alia, that the NYFCA provides for a mandatory payment to relator of 15% to 25% of the settlement, and that the failure to provide for the payment rendered the settlement unfair to relator. Supreme Court denied relator's objection. This appeal ensued.
The NYFCA tracks the federal False Claims Act (31 USC § 3729 et seq.) (the Federal FCA). Accordingly, it is appropriate to look to federal law to interpret the NYFCA (State of New York ex rel. Seiden v Utica First Ins. Co., 96 AD3d 67, 71 [1st Dept 2012], lv denied 19 NY3d 810 [2012]). Federal authority holds that a relator who fails to state a viable claim under the Federal FCA is not entitled to recovery in an action brought by the government, even where that recovery stems from claims that overlap with the dismissed qui tam claims (see United States ex rel. Bledsoe v Community Health Sys., Inc., 501 F3d 493, 523 [6th Cir 2007]; Donald v Univ. of California Bd. of Regents, 329 F3d 1040, 1043 [9th Cir 2003]; United States ex rel. Merena v SmithKline Beecham Corp., 205 F3d 97, 106 [3d Cir 2000]). We are persuaded by this precedent and find that relator may not receive compensation under the NYFCA when its claims have been dismissed for failure to state a cause of action.
Additionally, relator's textual arguments are without merit. The mandatory language "shall" in State Finance Law § 190(6) applies to the "qui tam civil action" discussed in the same section. Here, since the qui tam claims were dismissed, no payments are due to relator pursuant to the NYFCA.
We have considered plaintiff's remaining arguments and find them unavailing.
Accordingly, the order of Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about September 14, 2020, which, insofar as appealed from, denied plaintiff's objection to the settlement of claims under the New York False Claims Act,
Should be affirmed, without costs.
Order Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about September 14, 2020, affirmed, without costs.
Opinion by Singh, J. All concur.
Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021



Footnotes

Footnote 1: The City and State funds that were impacted also intervened.

Footnote 2: As Supreme Court noted, the New York City False Claims Act is "virtually identical" to the New York False Claims Act.